

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW N. ALLEN (N-00594), | |
| Plaintiff, | |
| v. | Case No. 09 C 379 |
| | Judge Charles R. Norgle |
| ELGIN MENTAL HEALTH CENTER, et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Andrew Allen, an inmate at the Dixon Correctional Center, filed this 42 U.S.C. § 1983 action against two doctors at the Elgin Mental Health Center: Dr. Douglas Chang and Dr. Farazana Hussein ("Defendants"). Plaintiff alleges that the Defendants gave him Tramadol (pain medication), to which Plaintiff had a severe reaction because of other medications he was taking. According to Plaintiff, he passed out and had to be revived. Plaintiff asserts claims of deliberate indifference, as well as state-law claims of medical malpractice, against the Defendants.

Currently before this court is the Defendants' motion for summary judgment. Plaintiff has responded to the motion, as well as their N.D. Ill. Local Rule 56.1 Statement. For the following reasons, the court grants Defendants' summary judgment motion, dismisses with prejudice Plaintiff's claims of deliberate indifference to a serious medical need, and dismisses without prejudice Plaintiff's state-law claims of medical malpractice.

# I. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

If the moving party meets its burden of showing that there are no issues of material fact and that he or she is entitled to a judgment as a mater of law, the non-moving party must "go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *See Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000).

When addressing a summary judgment motion, the court derives the background facts from the parties' Local Rule 56.1 Statements, which assist the court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000);

*see also* Rule 56(c)(1). Because Plaintiff is proceeding *pro se*, the Defendants served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by N.D. Ill. Local Rule 56.2. (R. 51.) The notice explains the consequences of failing to properly respond to a motion for summary judgment and to the uncontested material facts in the movant's Local Rule 56.1 Statement. (*Id.*) A litigant's failure to respond to a factual statement in a Local Rule 56.1 Statement results in the court considering the uncontroverted statement admitted. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *see also* Rule 56(e)(2). The court may also disregard responses that do not properly cite to the record or that offer only evasive denials. *Cichon v. Exelon Generation Co., L/L.C.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997).

In the present case, the Defendants filed their Rule 56.1 Statement. (R. 50.) Plaintiff responded and admitted to some of the Defendants' factual statements, disputed others, and included his own factual statements. (R. 54.) The Defendants have responded to Plaintiff's additional factual statements. (R. 59.) With the above stated standards in mind, the court turns to the Rule 56.1 Statements and responses in this case.

## II. FACTS

On January 23, 2008, Plaintiff, a pretrial detainee, was transferred to the Elgin Mental Health Center ("EMHC") for a psychiatric evaluation. (R. 50, Defs' Rule 56.1 Statement, ¶ 8.) Dr. Hussein is a psychiatrist at the EMHC. (*Id.* at ¶ 6.) Dr. Chang is an internist. (*Id.* at ¶ 4.) Upon Plaintiff's arrival at EMHC, Dr. Hussein conducted an initial psychiatric examination, which included asking Plaintiff his medical history and what medications he was taking. (*Id.* at ¶ 9.) Plaintiff did not list Tramadol as a medication to which he was allergic; but stated only that ibuprofen caused him a rash. (*Id.* at ¶ 10; R. 54, Pl's Rule 56.1 Statement ¶ 13.) Dr. Hussein prescribed or continued certain

medications, including Fluoxetine, Lisinopril hctz, and Clonazapam. (R. 55, Pl's R. 56.1 Statement, Exh. D.) That evening, Dr. Chang received a call that Plaintiff was complaining of back pain. Dr. Chang prescribed Tramadol. (R. 50, Defs' Rule 56.1 Statement ¶11.) According to Dr. Chang, his knowledge of Plaintiff's medical history did not indicate that Plaintiff would have an allergic reaction to Tramadol. (*Id.* at ¶ 12.) Also, according to Dr. Chang, "Tramadol was not contra-indicated with any of the other medications Allen was taking at the time." (*Id.*) Plaintiff does not object to factual statement ¶ 12 in the Defendant's Rule 56.1 Statement, (*see* R. 54, Pl's Rule 56.1 Statement, ¶ 1); however, Plaintiff states that "Ultram (Tramadol) was not to [be] mixed with antidepressants or other medications" and "Dr. Chang was aware that Plaintiff was taking other medications such as (antidepressants)." (R. 54, Pl's Rule 56.1 Statement, ¶¶ 2, 4.)

After taking Tramadol, Plaintiff fainted and was taken to Sherman Hospital for treatment. (R. 50, Defs.' Rule 56.1 Statement, ¶¶ 13, 16.) According to Plaintiff, he was unconscious for over ten minutes, another inmate called for help, and a nurse called for a "code blue." (R. 54, Pl's Rule 56.1 Statement ¶¶ 18-22.) On January 24, 2008, Dr. Godapti at EMHC discontinued Tramadol and updated Plaintiff's medical chart to note an allergic reaction to the drug. (*Id.* at ¶ 17; R. 55, Exh. D, p.2 (copy of Drug Alert page of Plaintiff's Medication Chart at Elgin.)

### III. DISCUSSION

Plaintiff alleges that both Dr. Chang and Dr. Hussein acted with deliberate indifference and medical malpractice when Tramadol was prescribed to Plaintiff while he was taking other medications.

Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir.2007). Claims of adequate medical care under the Fourteenth Amendment use the same standard for deliberate indifference used for Eighth Amendment

claims. *Id.* To succeed on a claim that the Defendants actions violated Plaintiff's constitutional right to adequate medical care, Plaintiff must prove that he had a serious medical condition, that the Defendants were actually aware of a serious risk of harm to Plaintiff, but they deliberately ignored that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Neither medical malpractice, negligence, nor even gross negligence equate with deliberate indifference. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006).

A doctor's treatment decisions do not usually amount to deliberate indifference, unless it can be shown that "no minimally competent professional would have so responded under those circumstances." *Jackson*, 541 F.3d 688, 697-98 (7th Cir. 2008) (internal quotation marks omitted). It is not enough to show, for instance, that a doctor should have behaved differently; rather, the doctor must have known that a different course of treatment was necessary yet disregarded that need. *Johnson v. Doughty*, 433 F.3d 1001, 1013. Nonetheless, a medical professional's erroneous treatment decision can lead to deliberate indifference liability if the decision was made in the absence of professional judgment. *Id.*; *Cole*, 94 F.3d at 254, 261-62 (7th Cir. 1996) ("[D]eliberate indifference may be inferred based upon a medical professional's erroneous treatment decision only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment.").

It is clear from the evidence of this case that the Defendants are entitled to summary judgment with respect to Plaintiff's claims of deliberate indifference. With respect to Dr. Hussein, she conducted an initial psychiatric evaluation upon Plaintiff's entrance at the EMHC and recorded the medications he was taking. Dr. Hussein either prescribed or continued several medications, to which Plaintiff had

no reaction. Plaintiff did not indicate that he was allergic to or could not take Tramadol. Plaintiff does not indicate that Dr. Hussein was involved with the prescribing or administering of Tramadol later in the evening after Plaintiff's arrival at EMHC.

With respect to Dr. Chang, the evidence indicates he prescribed Tramadol upon hearing Plaintiff's complaints of back pain. There is no evidence that Dr. Chang knew Plaintiff would have an adverse reaction to Tramadol; nor is there evidence that the risk of a seizure or fainting was obvious from Plaintiff's medical history. Plaintiff does not contend that Dr. Chang's prescribed the drug knowing it would cause an adverse reaction or that the likelihood was so obvious from Plaintiff's medical history that prescribing it was a "substantial departure from accepted professional judgment, practice, or standards." *Johnson*, 433 F.3d at 1013. Even assuming that Tramadol should not have been prescribed, there is no evidence that "there was a strong likelihood, rather than a mere possibility, that serious harm would occur." *Cole*, 94 F.3d at 261 (quoting *Bank of St. Charles v. Camic*, 712 F.2d 1140, 1146 (7th Cir. 1983)).

According to the discharge instructions from Sherman Hospital about Tramadol, it "should not be used with alcohol, sleeping pills, or narcotics. If you're prone to seizures, Ultram can make you more likely to have a seizure. Ultam can be hazardous when combined with MAO-inhibitor antidepressants (such as Nardil or Parnate)." (R. 55, Exh. C, p.29.) Plaintiff's intake information indicates neither that he was prone to seizures nor that he was taking an MAO-inhibitor. (*Id.* at Exh. D, p.31-34.) Dr. Chang, acknowledges that fainting is a rare side effect of Tramadol. (R. 50, Exh. B, Chang Aff. ¶10.) But, prescribing a medication with a rare risk of fainting cannot establish deliberate indifference. Whether prescribing Tramadol in light of the other medications Plaintiff was taking or

his medical history was negligent is not clear from this record; however, it is clear that this case presents no genuine issue of triable fact that there was no deliberate indifference.

Accordingly, the court grants summary judgment for the Defendants with respect to Plaintiff's claim of deliberate indifference. This claim is dismissed with prejudice. With respect to Plaintiff's state-law claim of medical malpractice, the court declines to exercise supplemental jurisdiction. If Plaintiff wants to proceed with his medical malpractice claim, he must do so in state court. *See* 735 ILCS 5/13-217 (Illinois law allows a claimant one year to refile in state court a claim dismissed "for lack of jurisdiction" by a federal court); *see also Srail v. Village of Lisle*, No. 07 C 2617, 2008 WL 4876865, 9 (N.D. Ill. 2008) (Kennelly, J.); *Timberlake v. Illini Hosp.*, 175 Ill.2d 159, 164, 676 N.E.2d 634, 636-37 (Ill. 1997) (refusal by federal court to exercise supplemental jurisdiction over a pendent state-law claim after dismissal of federal claims is considered a dismissal for lack of jurisdiction).

## IV. CONCLUSION

The court grants Defendants' motion for summary judgment [48]. Plaintiff's claim of deliberate indifference by the Defendants is dismissed with prejudice. The court declines to exercise supplemental jurisdiction over Plaintiff's pendent state-law claim of medical malpractice and dismisses the claim without prejudice. This case in this court is terminated.

ENTER: _____
Charles R. Norgle
United States District Judge

DATED: 4-27-11